IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HILITE INTERNATIONAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 08-287-SLR |
| | ) |
| BORGWARNER, INC, and BORGWARNER MORSE TEC, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

**DEFENDANTS BORGWARNER, INC. AND BORGWARNER MORSE TEC, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendants BorgWarner, Inc. and BorgWarner Morse TEC, Inc. (collectively "BorgWarner"), for their Answer and Affirmative Defenses to Plaintiff's Complaint for Patent Infringement ("Complaint"), state as follows:

### The Parties

1.   BorgWarner admits, on information and belief, that Plaintiff Hilite International, Inc. ("Hilite") is a Delaware corporation having its principal place of business in Cleveland, Ohio.

2.   BorgWarner admits the allegations in Paragraph 2 of the Complaint.

3.   BorgWarner admits the allegations in Paragraph 3 of the Complaint.

### Jurisdiction and Venue

4.   BorgWarner admits that the Complaint purports to allege a civil action for alleged patent infringement arising under the patent laws of the United States. BorgWarner denies the remaining allegations of Paragraph 4 of the Complaint.

5.  BorgWarner admits that the cover page of U.S. Patent No. 6,209,497 ("the '497 patent") indicates that Dr. Ing. h.c.F. Porsche Aktiengesellschaft ("Porsche") and Hydraulik Ring GmbH ("Hydraulik Ring") are the purported owners of the '497 patent. On information and belief, neither Porsche nor Hydraulik Ring is named as a plaintiff in this action. Based on the apparent failure to include the purported owners of the '497 patent as parties to this case, BorgWarner denies the allegations of Paragraph 5 of the Complaint and denies that this Court has jurisdiction of this action.

6.  Subject to the inclusion of the proper parties in this case, BorgWarner admits the allegations of Paragraph 6 of the Complaint.

### Allegations of Patent Infringement

7.  BorgWarner admits that the '497 patent, entitled "Device for Changing the Relative Rotational Position Of A Shaft To The Drive Wheel", issued on April 3, 2001. BorgWarner denies that the '497 patent was duly and legally issued and denies that the '497 patent is valid. BorgWarner admits that the cover page of the '497 patent indicates that Porsche and Hydraulik Ring are the purported owners of the '497 patent. BorgWarner is without knowledge or information sufficient to form a belief as to whether Hilite is the owner by assignment of all rights, title and interest in and to the '497 patent, and therefore denies the same. BorgWarner denies that Hilite is entitled to any past or future damages from BorgWarner. BorgWarner is without sufficient knowledge or information to form a belief as to the truth of any remaining allegations of Paragraph 7 of the Complaint and therefore denies them.

8.  BorgWarner admits that a true and correct copy of the '497 patent is attached as Exhibit 1 to the Complaint. BorgWarner admits that that the '497 patent purports to

be directed to a camphaser system, but denies that any of BorgWarner's systems infringe the '497 patent. BorgWarner denies any remaining allegations of Paragraph 8 of the Complaint.

9. BorgWarner admits that it sells components to engine or vehicle manufacturers for incorporation into engines or vehicles that are sold, imported, manufactured, and/or offered for sale in the United States. BorgWarner denies that any of its activities constitute infringement, contributory infringement, and/or induced infringement of the '497 patent. BorgWarner denies the remaining allegations of Paragraph 9 of the Complaint.

10. BorgWarner denies that it infringes the '497 patent. BorgWarner specifically denies it has willfully infringed the '497 patent. BorgWarner denies that Hilite is entitled to recovery of any damages. BorgWarner denies that this is an exceptional case that entitles Hilite to recovery of any attorney fees. BorgWarner denies that Hilite is entitled to treble damages under 35 U.S.C. § 284 or an award of attorneys fees under 35 U.S.C. § 285. BorgWarner denies the remaining allegations of Paragraph 10 of the Complaint.

### Answer To Relief Requested

A. BorgWarner denies it infringes, or has infringed, any valid claim of the '497 patent.

B. BorgWarner denies that it has willfully infringed any valid claim of the '497 patent and denies that Hilite is entitled to treble damages for willful infringement.

C. BorgWarner denies that Hilite is entitled to any injunctive relief against BorgWarner or any of its parents, subsidiaries, affiliates, successors, predecessors, assigns, or any of the officers, directors, agents, servants, and employees of each of the foregoing, or any of those persons acting in concert or participation with any of them.

      D.     BorgWarner denies that Hilite is entitled to an order requiring BorgWarner or any of its parents, subsidiaries, affiliates, successors, predecessors, assigns, or any of the officers, directors, agents, servants, and employees of each of the foregoing, or any of those persons acting in concert or participation with any of them to deliver to Hilite any products for destruction.

      E.     BorgWarner denies that Hilite is entitled to any damages or other monetary relief.

      F.     BorgWarner denies that Hilite is entitled to treble damages.

      G.     BorgWarner denies that this is an exceptional case that entitles Hilite to recover any attorney fees.

      H.     BorgWarner denies that Hilite is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense -- Non-Infringement

1.     BorgWarner does not infringe, nor has it infringed, either directly and/or by active inducement or contributorily, any valid and enforceable claim of United States Patent No. 6,209,497 ("the '497 patent"), either literally and/or under the Doctrine of Equivalents.

### Second Affirmative Defense -- Invalidity

2.     The claims of the '497 Patent are invalid under one or more provisions of Title 35, United States Code including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

### Third Affirmative Defense -- Damages Limitations

3.     By virtue of 35 U.S.C. § 287, Hilite is barred from recovering damages for infringement of the '497 patent prior to the filing of the Complaint.

WHEREFORE, BorgWarner prays for an order and judgment as follows:

4

A.  Dismissing with prejudice Hilite's Complaint in its entirety;

B.  Denying all requested relief by Hilite;

C.  Finding that BorgWarner has not infringed, either directly, and/or by actively inducing or contributorily, the '497 patent;

D.  Finding that the claims of the '497 patent are invalid;

E.  Enjoining Hilite and any of its parents, subsidiaries, affiliates, successors, predecessors, assigns, and of the officers, directors, agents, servants, and employees of each of the foregoing, and of those persons acting in concert or participation with any of them from alleging that BorgWarner or any of its parents, subsidiaries, affiliates, successors, predecessors, assigns, or any of the officers, directors, agents, servants, and employees of each of the foregoing, or any of those persons acting in concert or participation with any of them infringe the '497 patent;

F.  Declaring that this is an exceptional case and granting BorgWarner an award of its attorney fees under 35 U.S.C. § 285; and,

G.  Granting BorgWarner such other relief that the Court deems just and equitable.

### Demand for Jury Trial

BorgWarner hereby demands a trial by jury of any and all issues triable of right by jury.

*Of Counsel*
James A. Hardgrove
Hugh A. Abrams
Aaron S. Mandel
Constantine Koutsoubas
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Dated: July 23, 2008

/s/ Anne Shea Gaza
William J. Wade (#704)
wade@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700

*Attorneys for Defendants*
*BorgWarner, Inc. and*
*BorgWarner Morse TEC, Inc.*

RLF1-3305428-1

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2008, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Philip A. Rovner, Esquire
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th Fl.
P.O. Box 951
Wilmington, DE 19899-0951

I hereby certify that on July 23, 2008, the foregoing document was sent via Federal Express to the following non-registered participants:

Timothy J. O'Hearn, Esquire
Karl M. Maersch, Esquire
Peter D. Siddoway, Esquire
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

/s/ Anne Shea Gaza
Anne Shea Gaza (#4093)
gaza@rlf.com

RLF1-3305482-1