IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HILITE INTERNATIONAL, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BORGWARNER INC., and ) <br> BORGWARNER MORSE TEC INC., ) <br> ) <br> Defendants. ) | C.A. No. 08-287 (SLR) |

## [PROPOSED] SCHEDULING ORDER

At Wilmington this ___ day of August 2008, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** Hilite International, Inc. ("Hilite") and BorgWarner Inc. and BorgWarner Morse TEC Inc. (collectively "BorgWarner") **[Hilite: will exchange; BorgWarner: have exchanged]** the information required by Fed.R.Civ.P.26(a)(1) and Del. LR 16.2 **[Hilite: by September 2, 2008]**.

2. **Discovery.**

    **(a)** Discovery will be needed on the following subjects: The Parties anticipate requiring discovery from each other and third parties to support their claims, affirmative defenses, and/or counterclaims regarding Hilite's claims of infringement, willfulness and damages, and BorgWarner's defenses of invalidity and noninfringement.

  **(b)** All fact discovery shall be commenced in time to be completed on or before [**Hilite: June 26, 2009; BorgWarner: August 17, 2009**].

  (1) Document production shall be completed on or before [**Hilite: February 27, 2009; BorgWarner: January 19, 2009**].

  (2) Maximum of 25 interrogatories by each side.

  (3) In the absence of agreement among the Parties, contention interrogatories, if filed, shall first be addressed by the Party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each Party provides, *i.e.*, the more detail a Party provides, the more detail a Party shall receive.

  (4) Maximum of 35 requests for admission by each side.

  (5) In the absence of agreement among the Parties or by order of the Court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

  (6) [**Hilite: Maximum of 12 fact depositions by each side.; BorgWarner: Maximum of 25 fact depositions by each side. Each Party may petition the Court for additional deposition testimony upon the showing of good cause. The Parties shall not engage in duplicative discovery.**]

  (7) Unless otherwise ordered by the Court on a showing of good cause or otherwise agreed by the Parties, the maximum duration of any fact deposition is one day of seven hours, as provided in Fed.R.Civ.P.26(d)(1), except that depositions taken through an interpreter may be taken over a two-day period of seven hours each day.

  **(c)** **Expert discovery.** Shall be commenced in time to be completed within **[Hilite: 120; BorgWarner: 150]** days after the Court rules on claim construction.

    (1) Expert reports on issues for which a Party has the burden of proof are due **[Hilite: 45; BorgWarner: 30]** days after the Court rules on claim construction. Rebuttal expert reports are due **[Hilite: 30; BorgWarner: 45]** days thereafter.

    (2) Expert depositions are limited to a maximum of 7 hours unless extended by agreement of the Parties or order of court, upon good cause shown.

    (3) All Daubert motions shall be filed no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

  **(d)** If willfulness has been asserted and absent agreement among the Parties, the defendant must inform plaintiff as to whether it intends to rely on advice of counsel by April 13, 2009. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by defendant to its counsel and whatever other materials related to the issues in dispute that defendant had in its possession at the time the advice was sought.

  **(e)** **Supplementations under Rule 26(e)** are due on **[Hilite: May 15, 2009; BorgWarner: June 15, 2009]**.

  **(f)** **Discovery Disputes.**

    (1) The Court shall conduct an in-person discovery status conference on December 3, 2008 from 2:00 p.m. to 3:00 p.m., the time to be allocated equally among the Parties. No motions to compel or motions for protective order shall be filed absent approval of the Court.

(2) The Court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

**(g) Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each Party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each Party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the Court upon good cause shown.

**(h) Electronically Stored Information ("ESI") Discovery.**

(1) <u>E-mail</u>: The Parties shall exchange lists by September 19, 2008 of the custodians most likely to have highly relevant e-mail, including the titles and a brief description of the responsibilities of each such custodian. Each Party may identify by October 3, 2008 select individuals of the opposing Party whose e-mail the identifying Party desires the opposing Party to search also search and produce.

(2) <u>Production of ESI</u>: [Hilite: **The production of ESI shall be governed by the Federal Rules of Civil Procedure.**;

4

**BorgWarner: ESI shall be produced in a timely manner in accordance with the Federal Rules of Civil Procedure after document requests have been received. A producing Party shall produce documents as they are kept in the usual course of business or organized to correspond to the categories in the request. With the exception of spreadsheets and multimedia files, a Party shall provide ESI to the requesting Party as text-searchable image files (either PDF or TIFF), in hard copy, in a form in which it is ordinarily maintained or in a reasonably usable form, or in a format as otherwise mutually agreed upon in writing. A Party shall provide ESI in the form of spreadsheets and multimedia files in native form (i.e. ".xls" or ".mov" files).]**

        (3)    <u>Non-Waiver of Privilege</u>: ESI that contains privileged information or attorney work product shall be immediately returned to the producing Party if the document or ESI appears on its face to have been inadvertently produced or upon notice of the inadvertent production by the producing Party within a reasonable time. Production by a Party without specific intent to waive a privilege or protection shall not constitute a waiver of any privilege or protection, and the Parties agree that they will not contend that inadvertent production constitutes a waiver. This provision shall also apply to non-ESI discovery.

        (4)    <u>Special Types of ESI</u>: The Parties recognize that the use of routine file copy procedures may alter certain metadata, but the Parties have agreed that each will take reasonable steps to preserve metadata for ESI that is produced in native format but that extraordinary steps (*e.g.,* forensic imaging) are not required. The Parties agree that neither will seek the discovery of voicemail.

(5) <u>Back-up Materials</u>: The Parties agreed that neither will seek the discovery of materials retained in tape, floppy disk, optical disk, or similar formats primarily for back-up or disaster recovery purposes. The Parties have further agreed that neither will seek the discovery of archives stored on computer servers, external hard drives, notebooks, or personal computer hard drives that are created for disaster recovery purposes and not used as reference materials in the ordinary course of a Party's business operations. The Parties further agree that neither Party need deviate from the practices it normally exercises with regard to preservation of such tape, floppy disk, optical disk, or similar formats primarily for back-up or disaster recovery purposes when not in anticipation of litigation (e.g., recycling of back-up tapes is permitted).

(6) <u>Individual Computers</u>: The Parties have also agreed that if responsive documents are located on a centralized server or network, the producing Party shall not be required to search for additional copies of such responsive documents that may be located on the personal computer, or otherwise in the possession, of individual employees absent a showing of good cause that the production of such additional copies is necessary. The Parties will meet and confer to discuss the parameters of the search and production of any such documents. The Parties further agree in this regard, however, that neither Party need deviate from the practices it normally exercises with regard to preservation of such additional copies when not in anticipation of litigation (e.g., recycling of back-up tapes is permitted).

**3. Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before **[Hilite: March 27, 2009; BorgWarner: June 26, 2009].**

**4. Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the Court does not find that an earlier claim construction would be helpful in resolving the case, the Parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms thirty (30) days before the end of fact discovery. This document will not be filed with the Court. Subsequent to exchanging such lists, the Parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief **[Hilite: within 60 days after the Court rules on claim construction; BorgWarner: on or before November 9, 2009]. [Hilite: Briefing shall be pursuant to D. Del. LR 7.1.2.; BorgWarner: Responsive briefs shall be filed on or before December 21, 2009. Reply briefs are due 30 days thereafter.]** No summary judgment motion may be filed more than ten (10) days from the above date without leave of the Court.

7. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The Parties shall agree upon and file the Joint Claim Construction Statement on **[Hilite: July 31, 2009; BorgWarner: October 12, 2009]**, with the claim chart separately docketed. The Parties will file simultaneous opening claim construction briefs on **[Hilite: August 14, 2009; BorgWarner: October 26, 2009]**. Simultaneous response briefs should be filed by **[Hilite: September 18, 2009; BorgWarner: December 15, 2009]**. Each Party may depose any outside expert retained by an opposing Party which files a declaration of

that expert in support of the Party's claim construction brief. **[BorgWarner: Issues of claim construction shall be considered by the Court in conjunction with the summary judgment motion(s).]** The hearing on claim construction **[BorgWarner: and motion(s) for summary judgment]** will be heard on **[Hilite: October 16, 2009.;**

**BorgWarner: _____ at \_\_:\_\_\_ \_\_.m.]**

8. **Applications by Motion.** Any application to the Court shall be by written motion filed with the clerk. The Court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the Court.

   (a) Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

   (b) No telephone calls shall be made to chambers.

   (c) Any Party with an emergency matter requiring the assistance of the Court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. No attachments shall be submitted in connection with said e-mails.

9. **Motions in Limine.** No motions in limine shall be filed; instead the Parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.** A pretrial conference will be held on **[Hilite: July 6, 2010; BorgWarner: _____ at \_\_:\_\_\_ \_\_.m.]** in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

**11. Trial.** This matter is schedule for a [day/week] bench/jury trial commencing on [**Hilite: July 12, 2010; BorgWarner:** _____] in courtroom 6B, sixth floor, Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the Parties should plan on being allocated a total number of hours in which to present their respective cases.

**12. Agreement of Parties.** The Parties agree that service of discovery, motions, or other materials during this case shall be made on lead counsel of record by overnight delivery, facsimile or e-mail, with copies to all counsel of record by overnight delivery, facsimile or e-mail. Time for any responsive action will begin to run from the date of receipt by the office of the lead counsel.

IT IS SO ORDERED:


Date:_____                          _____
                                               The Honorable Sue L. Robinson
                                               United States District Court



880137